IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PABLO CARDONA ANTONIO,<br>*Petitioner*,<br>v.<br>PAMELA BONDI, *et al*,<br>*Respondents*. | Civil Action No. 3:26-cv-111<br>Hon. William S. Stickman IV |

**ORDER OF COURT**

Petitioner Pablo Cardona Antonio ("Petitioner") is a citizen of Guatemala. He entered the United States at the Ysleta Port of Entry in El Paso, Texas as an unaccompanied alien child on December 20, 2017. He was fifteen years old. On February 9, 2018, Petitioner was released to a family member in Pittsburgh, Pennsylvania. He applied for Special Immigrant Juvenile Status ("SIJ"), which was granted on November 5, 2023. In February of 2023, Petitioner was granted deferred action status for a period of four years. He was detained by U.S. Immigration and Customs Enforcement officers on December 3, 2025, and is currently being held at the Moshannon Valley Processing Center. Petitioner requested, and was granted, a bond hearing. (ECF Nos. 1 and 7). However, on February 4, 2026, the immigration judge ("IA") denied his request for bond on the grounds that Petitioner is an "arriving alien" subject to mandatory detention under 8 U.S.C. § 1225. (ECF No. 7-3). There is no indication that the IA considered the substantive merits of Petitioner's bond request and conducted an individualized hearing.

As a general matter, "SIJ status alone does not render an alien lawfully present in the country … nor does it prevent the government from affecting his removal." *Benito Vasquez v. Moniz*, 788 F.Supp. 3d 177, 181 (D. Mass. 2025) (citing cases). Nevertheless, as the district

court held in *Del Cid v. Bondi*, No. 3:25-cv-00304, 2025 WL 2985150 (W.D. Pa. Oct. 23, 2025), the grant of SIJ status is inconsistent with the Respondents' theory that Petitioner remains an "arriving alien" over eight years after his entry into the United States and his subsequent release to family in Pittsburgh and the award of SIJ status and deferred action. SIJ status "'bespeak[s] a substantial legal relationship between [Petitioner] and the United States—a relationship far more significant than' the relationship possessed by an initial entrant into this country." *Id*. at *16 (citation omitted).

Beyond Petitioner's SIJ status, the Court holds that the circumstances of his case—particularly his long presence in this country after his initial release from authorities to family renders him subject to 8 U.S.C. § 1226. Section 1226 applies to aliens who are "already present in the United States[,]" *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), while the mandatory detention provision of § 1225 governs detention of "applicants for admission" to the United States. *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025). The Court joins the overwhelming majority of district courts in holding that § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens similarly situated to Petitioner, who are not seeking admission at a port of entry but rather are already present in the country. The Court disagrees with the decision of the United States Court of Appeals for the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Petitioner's detention is governed by § 1226(a) and he has a statutory right to a bond hearing where a neutral immigration judge will consider the substantive merits of his request.

AND NOW, this 20th day of February 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED IN PART and DENIED IN PART. It is GRANTED in that within ten (10) days of this Order, Petitioner must receive an

individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226. IT IS FURTHER ORDERED that the petition is DENIED to the extent it requests any additional relief.

In light of the recent opinion of the United States Court of Appeals for Third Circuit, *Abioye v. Warden Moshannon Valley Correctional Center*, --- F.4th ----, 2026 WL 263483 (3rd Cir. Feb. 2, 2026), should he wish to do so, Petitioner shall file any motion for costs and fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) within ten (10) days.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE